Via PDF

FILED
07 SEP 11 AM 10: 30
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: POC  DEPUTY

1  Anna Y. Park, SBN 164242
2  Derek W. Li, SBN 150122
   Victor Viramontes, SBN 214158
3  U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
4  255 East Temple Street, Fourth Floor
   Los Angeles, CA 90012
5  Telephone: (213) 894-1091
   Facsimile: (213) 894-1301

6  Attorneys for Plaintiff
7  U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION

8

9           UNITED STATES DISTRICT COURT
10          SOUTHERN DISTRICT OF CALIFORNIA

11

12  U.S. EQUAL EMPLOYMENT              Case No. '07CV 1781 H — LSP
    OPPORTUNITY COMMISSION,
13
                                       COMPLAINT – TITLE VII
14              Plaintiff,             CIVIL RIGHTS
                                         • **NATIONAL ORIGIN**
15         vs.                             **DISCRIMINATION**
                                         • **HOSTILE WORK**
16                                         **ENVIRONMENT – CLASS**
17  BRAKE DEPOT, and DOES 1-10,          • **DISPARATE IMPACT**
    Inclusive,
18
19              Defendant.
                                       **DEMAND FOR JURY TRIAL**
20

21

22       This is an action under Title VII of the Civil Rights Act of 1964, and Title I
23  of the Civil Rights Act of 1991, to correct unlawful employment practices on the
24  basis of National Origin Discrimination, Hostile Work Environment and Disparate
25  Impact and to provide appropriate relief to Luis Andrade, Edgar Cocina, Alvaro
26  Dominguez, Marcos Estrada, Jaime Lopez, Antonio Robledo, Peter Velasquez and
27  a Class of similarly situated individuals who were adversely affected by such
28  practices.

                                      -1-

                                                              Case No. ____

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of California.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

5. At all relevant times alleged herein, Brake Depot ("Defendant Employer") has continuously been doing business within San Diego County, State of California and has continuously had at least 15 employees.

6. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of §§ 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7. At all relevant times, Defendant Employer employed Charging Parties Luis Andrade, Edgar Cocina, Alvaro Dominguez, Marcos Estrada, Jaime Lopez, Antonio Robledo, Peter Velasquez ("Charging Parties" or "CPs") and a Class of similarly situated individuals.

8. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer or under the direction and control of

1 the others, except as specifically alleged otherwise. Said acts and failures to act
2 were within the scope of such agency and/or employment, and each Defendant
3 participated in, approved and/or ratified the unlawful acts and omissions by the
4 other Defendants complained of herein. Whenever and wherever reference is made
5 in this Complaint to any act by a Defendant or Defendants, such allegations and
6 reference shall also be deemed to mean the acts and failures to act of each
7 Defendant acting individually, jointly, and/or severally.

8    9. Plaintiff is ignorant of the true names and capacities of each Defendant sued as DOE 1 through 10, inclusively, and therefore Plaintiff Commission sues said defendant(s) by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

15    10. It is further alleged on information and belief that the named and unnamed defendants in the complaint are mere alter egos of the "Defendant Employer." The remaining defendants are properly named in the complaint.

## STATEMENT OF CLAIMS

19    11. More than thirty days prior to the institution of this lawsuit, Luis Andrade, Edgar Cocina, Alvaro Dominguez, Marcos Estrada, Jaime Lopez, Antonio Robledo and Peter Velasquez filed charges with the Commission alleging violations of Title VII by Defendant Employer. The Commission has issued Letters of Determination finding that Charging Parties and a Class of similarly situated individuals were subjected to unlawful employment discrimination based upon their national origin (Hispanic), constant harassment creating a hostile work environment and implementation of policies having a disparate impact upon Hispanics, all in violation of Title VII. Specifically, Defendant Employer's managers directed derogatory comments based on national origin at CPs.

Case No. _____

Charging Parties report being constantly referred to as "beaners," multiple times in incidents witnessed by other CPs. In addition, CPs were referred to by such racially demeaning epithets as "Pancho" and "wetback." CP Estrada was told that he would be made the "spokesman for the Mexicans." Members of management have emailed offensive jokes about Mexicans and restricted class members from being seen by customers in the front office, forcing them to hide behind a wall, in what was described as an attempt to prevent the store from "look[ing] like TJ."

12. Since at least April 2004, Defendant Employer has engaged in unlawful employment practices at their San Diego location, in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by subjecting the Charging Parties and a Class of similarly situated individuals to employment discrimination based upon their national origin (Hispanic).

13. Prior to instituting this lawsuit, the EEOC attempted to eliminate the unlawful employment practices herein alleged and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of § 706(b) of Title VII, 42 U.S.C. § 2000e-5(b). All conditions precedent to the institution of this lawsuit have been fulfilled.

14. The effect of the practices complained of in paragraphs 10 and 11 above has been to deprive Luis Andrade, Edgar Cocina, Alvaro Dominguez, Marcos Estrada, Jaime Lopez, Antonio Robledo, Peter Velasquez and a Class of similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their national origin (Hispanic) under § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

15. The unlawful employment practices complained of above were intentional.

16. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Luis

Case No. _____

Andrade, Edgar Cocina, Alvaro Dominguez, Marcos Estrada, Jaime Lopez, Antonio Robledo, Peter Velasquez and a Class of similarly situated individuals.

17. As a direct and proximate result of the aforesaid acts of Defendants, Luis Andrade, Edgar Cocina, Alvaro Dominguez, Marcos Estrada, Jaime Lopez, Antonio Robledo, Peter Velasquez and a Class of similarly situated individuals have suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and damages, according to proof.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin or retaliating against any individual for attempting to protect their rights and engaging in a protected activity.

B. Grant a mandatory injunction requiring Defendants to rehire all Charging Parties, and any similarly situated individuals no longer employed by Defendant Employer, as the Court deems necessary and proper in the public interest and to make them whole.

C. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for all persons regardless of national origin and which will eradicate the effects of its past and present unlawful employment practices.

D. Order Defendants to make whole all Charging Parties and all similarly situated individuals by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, discrimination on the basis of national origin.

1  E. Order Defendants to make whole all Charging Parties and similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Defendants to make whole all Charging Parties and similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G. Order Defendants to pay all Charging Parties and similarly situated individuals punitive damages for its malicious and reckless conduct based on the facts above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems just and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September /0, 2007.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Anna Y. Park
Regional Attorney
(via PDF)

-6-

Case No. _____

```
JS44
(Rev. 07/89)
```

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILED
07 SEP 11 AM 10:29
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: PDU  DEPUTY

**I(a) PLAINTIFFS**

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

BRAKE DEPOT, and DOES 1-10, Inclusive

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: San Diego, CA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Anna Y. Park, Derek W. Li & Victor Viramontes
U.S. E.E.O.C.
255 E. Temple St., 4th Fl. LA, CA

ATTORNEYS (IF KNOWN)

'07 CV 1781 H     LSP

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

To correct unlawful Employment Practice based on National Origin in violation of 42 U.S.C. Section 2000e-2(a).

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury - Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 670 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | SOCIAL SECURITY | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
DEMAND $ _____
Check YES only if demanded in complaint.
JURY DEMAND: ☒ YES / ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ Docket Number _____

DATE September 10, 2007          SIGNATURE OF ATTORNEY OF RECORD [signature]

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)